## In re Striker.
## The State of Ohio, Appellee, *v.* Striker, Appellant.

(Nos. 841 and 842—Decided December 18, 1956.)

*Mr. Danny D. Johnson,* prosecuting attorney, for appellee.
*Mr. Clifford F. Brown* and *Mr. Harlan Spies,* for appellant.

Montgomery, P. J.   These two cases were briefed, argued and submitted together, and they are so treated in this opinion, with an attempt made to distinguish them.

During the course of the oral hearing one member of this court suggested that evidently we "have a bear by the tail." The writer of this opinion suggested that it seemed to him that the whole thing was a "comedy of errors."

As we have sought to disentangle the complications in this record of two bills of exceptions and two transcripts, one of each of which was filed after the hearing, the pleadings, journal entries and interlocking briefs, it has seemed to us that it was a matter of "confusion worse confounded."

We think we have at least succeeded in getting the issues straightened out, and while we have no hope of satisfying some

of the people directly concerned, we at least will cut the "Gordian Knot."

Case No. 841 is an appeal from the Court of Common Pleas of Tuscarawas County denying to the petitioner, Striker, a writ of habeas corpus. Case No. 842 is an appeal from a refusal of the Court of Common Pleas of Tuscarawas County to set aside the sentences heretofore imposed and to cause Striker to be resentenced. Filed in case No. 842, also, is a petition for leave to appeal from the judgment of the trial court in the original action.

We shall attempt a chronological statement of what happened:

On September 10, 1952, an indictment was filed in the Court of Common Pleas charging Striker with grand larceny. He was at that time, and had been for some months prior thereto, a prisoner in the county jail of Tuscarawas County, serving, however, as a trusty.

On September 15, 1952, he entered a plea of guilty. On September 23, 1952, he was fined $100 and costs, ordered imprisoned in the county jail until October 3, 1952, and placed on probation for five years after his release from jail.

With only a few days of that sentence to serve he "walked away." He was picked up in the state of Missouri shortly thereafter. On October 2, 1952, the entry of sentence was vacated, and Striker was sentenced to the Ohio State Reformatory for a period of one to seven years. He was taken to the Ohio State Reformatory at Mansfield on October 14, 1952. He was confined there for something over a year, when he was paroled. Having been taken up as a parole violator, he served more than another year in the reformatory, when he was again paroled. When he returned again to Tuscarawas County, he was arrested and placed in the county jail, charged with another offense of which it would appear he was later found not guilty.

While imprisoned in the county jail this last time, he filed, on August 14, 1956, a petition for a writ of habeas corpus. That writ was denied on August 23, 1956, and the motion for new trial overruled on August 31, 1956. Then followed the appeal in case No. 841.

On September 8, 1956, there was filed a motion to withdraw a plea of guilty in the original case and enter a plea of not guilty, which motion was denied on November 26, 1956, and a motion for new trial thereon was overruled on November 30, 1956. Then came the appeal in case No. 842.

As hereinbefore stated there are three propositions before us, each one of which will be answered in an attempt to terminate the litigation in Tuscarawas County. This is without any reference to another proceeding which we have been advised, in open court, is pending in the Common Pleas Court of Richland County, in which county Striker is now a prisoner in the reformatory.

At the time of the hearing in the Court of Common Pleas on the petition for habeas corpus, Striker was confined in the Tuscarawas County Jail, and a real issue was presented to the trial court. In denying the writ the court found that habeas corpus was not the proper remedy. In overruling the motion for new trial the court adhered to that conclusion and announced further that the original trial judge, who is now deceased, had no authority to impose a fine and jail sentence in the first instance.

Of course, a petition for a writ of habeas corpus must be directed to somebody allegedly responsible for the illegal detention and custody of the petitioner. In the instant case the petition alleged that the petitioner was at the time of the filing of the petition unlawfully restrained of his liberty by K. D. Hiller, Sheriff of Tuscarawas County, Ohio, in the Tuscarawas County Jail at New Philadelphia. The prayer of the petition was that a writ of habeas corpus issue to Hiller as sheriff, and the petitioner be discharged from being illegally restrained.

At the present time the prisoner is not in the custody of Hiller as sheriff, is not in the Tuscarawas County Jail, and is not in Tuscarawas County, Ohio, as heretofore stated; and, as announced in open court, he is now confined in the reformatory at Mansfield, Ohio. Any order issued to Hiller as sheriff would be a vain and futile thing. The question now involved is actually moot and requires no further discussion. The authorities seem to us to be conclusive, and we direct attention for example

to 1 Corpus Juris Secundum, 1017, Section 17, and to 2 West's Ohio Digest, 141, Section 6, and the authorities cited therein.

The judgment in case No. 841 must be, and hereby is, affirmed, solely for the reasons stated.

The question raised on the appeal in case No. 842, while now clearly a matter of record due to the recent filing of the transcript and bill of exceptions, was simply mentioned in oral argument and not touched upon at length in briefs. We simply affirm the judgment in that case and do so upon the authority of *In re Silverman,* 69 Ohio App., 128, 42 N. E. (2d), 87, at page 134, a well considered opinion by Judge Matthews of the First Appellate District.

The petition for leave to appeal must be denied. Counsel answer their own contention in this matter, when in the concluding page of their brief in case No. 841, the habeas corpus case, they say:

"Appeal of the grand larceny proceedings and sentences is inadequate, and habeas corpus is the only available remedy which is adequate, because there was no record or bill of exceptions made of the illegal and irregular proceedings and sentences in the grand larceny case and it is too late now to appeal a conviction under a plea of guilty and sentence entered on September 23, 1952, or a later sentence pronounced on October 2, 1952, pursuant to Sections 2953.04 and 2953.05, Revised Code."

In further confirmation of this proposition we call attention to the case of the *State* v. *Edwards,* 157 Ohio St., 175, 105 N. E. (2d), 259, at page 182. That case arose in Stark County and was passed upon by this court as now constituted, and the affirmance by the Supreme Court was of a judgment of this court. We see no alternative.

To restate our conclusions therefore is simply to announce that the judgment in case No. 841 is affirmed, the judgment in case No. 842 is affirmed, and the petition for leave to appeal which is docketed in case No. 842 is denied.

*Judgments accordingly.*

McCLINTOCK and PUTNAM, JJ., concur.