OPINION
The instant case is a habeas corpus action in which petitioner, Larry E. McGowan, seeks his immediate release from a state penitentiary. Upon reviewing the allegations in the habeas corpus petition, this court concludes that petitioner has failed to name the proper party as the respondent in the action. Accordingly, the habeas corpus petition is subject to dismissal.
Petitioner originally filed this action in the Seventh District Court of Appeals. In his petition, he named Art Tate, Jr., Warden of the Belmont Correctional Institution, as the sole respondent. As the basis for his habeas corpus claim, petitioner alleged that his present incarceration was illegal because it was predicated solely upon a "bad time" sentence which the Ohio Adult Parole Board had imposed in December 1998.
Immediately after the filing of the petition, respondent Tate moved to dismiss the case on the grounds that petitioner was actually being held in the Trumbull Correctional Institution in Trumbull County, Ohio. In an opinion rendered on June 11, 1999, the Seventh Appellate District held that it did not have the authority to rule upon the habeas corpus claim because petitioner was incarcerated in a prison which was not within its geographical jurisdiction. However, instead of dismissing the action, the court ordered that the action be transferred to this court on the basis of improper venue.
As of the date of the instant opinion, approximately forty days has expired after the transfer of this action to the docket of this court. During this period, petitioner has not moved to name a new respondent in this matter. In addition, he has not tried to serve the habeas corpus petition on the warden of the Trumbull Correctional Institution. As a result, this action is pending solely against respondent Tate, despite the fact that he is not the warden of the institution in which petitioner is allegedly imprisoned.
As a general proposition, a habeas corpus claim can be maintained only against the person who has custody of the petitioner and is responsible for the restraint of liberty. Lemleyv. Kaiser (1983), 6 Ohio St.3d 258, 261; In re Striker (1956),101 Ohio App. 455, 457. Consistent with this basic precedent, this court has indicated that the proper respondent in a habeas corpus case is the warden who is detaining the petitioner. Gibbs v.Kontos (Oct. 30, 1998), Trumbull App. No. 98-T-0136, unreported.
While this court would certainly agree that the Seventh Appellate District would not have the authority to order the release of a prisoner held in a penitentiary within our jurisdiction, it is equally true that we do not have the power to issue a judgment against the warden of the Trumbull Correctional Institution when that individual has not been made a party to this case. Similarly, it would be futile to allow this action to proceed against respondent Tate because, even if we decided that petitioner's claim had merit, any judgment we might issue against respondent Tate would not result in petitioner's release.
As an aside, we would indicate that petitioner's failure to amend his petition was probably attributable to the fact that, while the instant action was pending before the Seventh Appellate District, petitioner initiated a separate habeas corpus action in this court against the warden of the Trumbull Correctional Institution. See McGowan v. Konteh, Trumbull App. No. 99-T-0051. Therefore, petitioner readily realized that the instant action could not properly proceed against respondent Tate, and he should have voluntarily dismissed this action once it became apparent that we were going forward with the separate action.
As a separate basis for the instant decision, this court would further note that the separate action against the warden of the Trumbull Correctional Institution has been dismissed on the basis of mootness. In a judgment entry dated June 21, 1999, we held that the habeas corpus action was subject to dismissal because petitioner had completed his bad-time sentence and had been released from the state penitentiary. As part of that judgment entry, we specifically rejected petitioner's assertion that, notwithstanding his release, the merits of his habeas corpus petition should still be addressed because the petition raised issues which would always evade review.
Obviously, the logic of our judgment entry in the case against the Trumbull warden would apply here. As the sole purpose of a habeas corpus action is to determine if a prisoner's present incarceration is lawful, petitioner's release from the state penitentiary renders the merits of the instant action moot. SeePewitt v. Lorain Correctional Inst.
(1992), 64 Ohio St.3d 470, 472.
Pursuant to the foregoing discussion, it is the sua sponte
order of this court that petitioner's habeas corpus petition is hereby dismissed.
PRESIDING JUDGE DONALD R. FORD
JUDGE ROBERT A. NADER, JUDGE WILLIAM M. O'NEILL