JOURNAL ENTRY AND OPINION
{¶ 1} Timothy M. Nash avers that the prosecuting attorney for Cuyahoga County, wrongfully procured his indictment. He contends that, despite being released by the police without charges, the prosecuting attorney presented the case to the grand jury, which indicted him. We dismiss this action sua sponte.
 {¶ 2} Nash claims that the prosecuting attorney "circumvented statute and rules promulgated by the Ohio Supreme Court when bringing an indictment against petitioner * * *."[1] The Supreme Court of Ohio has clearly determined that a claim challenging the validity or sufficiency of an indictment does not lie in habeas corpus and affirmed the dismissal of an action in habeas corpus.
"Habeas corpus is not available to challenge either thevalidity, or the sufficiency of an indictment. [Petitioner] Lunapossessed an adequate remedy by direct appeal to raise thesecontentions. (Writ of quo warranto to remove special prosecutorand to void indictments issued by him denied where adequateremedy existed by postconviction appeal of trial court's decisionoverruling motion to dismiss indictments)."[2]
 {¶ 3} Nash did indeed file an appeal from the entry of judgment finding him guilty and imposing a sentence.[3] We are required, therefore, to dismiss the petition because it does not state a claim in habeas corpus.
 {¶ 4} Other grounds for dismissal are present in this action as well. For example, Nash has attached to the petition a copy of the journal entry finding him guilty and imposing a sentence.
"If it appears that a person alleged to be restrained of hisliberty is in the custody of an officer under process issued by acourt or magistrate, or by virtue of the judgment or order of acourt of record, and that the court or magistrate hadjurisdiction to issue the process, render the judgment, or makethe order, the writ of habeas corpus shall not beallowed."[4]
 {¶ 5} Clearly, the journalized entry disposing of the charge against him and imposing a sentence placed him in the custody of the Department of Rehabilitation and Correction. As a consequence, Nash may not maintain this action in habeas corpus.
 {¶ 6} Furthermore, a petition for a writ of habeas corpus must specify "[t]he officer, or name of the person by whom the prisoner is so confined or restrained * * *."[5] The petition filed by Nash is defective because he named the prosecuting attorney as respondent rather than the person who is holding him in custody which is a sufficient ground for dismissal.[6]
 {¶ 7} Nash's complaint is defective on another ground.
"* * * Additionally, relator `did not file an R.C. 2969.25(A)affidavit describing each civil action or appeal of a civilaction he had filed in the previous five years in any state orfederal court and also did not file an R.C. 2969.25(C) certifiedstatement by his prison cashier setting forth the balance in hisprivate account for each of the preceding six months.' As aconsequence, we deny relator's claim of indigency and order himto pay costs."[7]
 {¶ 8} Likewise, Nash has failed to support his complaint with the requisite affidavit and supporting information. Not only must we deny his claim of indigency and order him to pay costs, but this defect provides another basis for dismissing this action. "The failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus."[8]
 {¶ 9} Accordingly, we dismiss this action sua sponte. Nash to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 {¶ 10} The writ is dismissed.
Writ dismissed.
Celebrezze, Jr., and Karpinski, JJ., concur.
[1] Petition, ¶ 3.
[2] Luna v. Russell, 70 Ohio St.3d 561, 562, 1994-Ohio-264,639 N.E.2d 1168. (Internal citations omitted.)
[3] State v. Nash, Cuyahoga App. No. 84044.
[4] R.C. 2725.05.
[5] R.C. 2725.04(B).
[6] Jackson v. State, Cuyahoga App. No. 81007, 2002-Ohio-2024, at 3; R.C. 2725.04(B).
[7] State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. (Internal citations omitted.)
[8] State ex rel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. (Internal citations omitted.)