OPINION JUDGMENT ENTRY
{¶ 1} Petitioner-appellant Jan F. Becker appeals from the November 24, 2003, Judgment Entry of the Richland County Court of Common Pleas which denied appellant's petition for writ of habeas corpus. Respondent-appellee is Margaret Bradshaw, Warden.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant is being held in the Mansfield Correctional Institution. According to appellant, he has been held there since August 10, 2001, pursuant to an order from the Holmes County Court of Common Pleas. On July 28, 2003, appellant filed a petition for writ of habeas corpus. In that petition, appellant contended that he was being confined illegally and unfairly and for political reasons. In response, appellee filed a motion to dismiss. In the motion to dismiss, appellee stated that appellant was being held pursuant to a conviction in the Holmes County Court of Common Pleas on eight counts of gross sexual imposition, nine counts of felonious sexual penetration and one count of rape.[1] According to appellee, appellant was sentenced to two years of imprisonment for each of the eight counts of gross sexual imposition, to be served concurrently. In addition, appellant was sentenced to life imprisonment for each of the nine counts of felonious sexual penetration and the count of rape. Three of the life sentences were ordered to be served consecutively (for each of the three victims) and the remaining life sentences were ordered to be served concurrently to each other and concurrently to the sentences for gross sexual imposition. Thus, according to appellee appellant was ordered to serve 30 years of imprisonment prior to parole eligibility.[2]
 {¶ 3} On November 24, 2003, the trial court granted appellee's motion to dismiss. In the Judgment Entry, the trial court stated that it was granting the motion to dismiss for two separate reasons. First, the petition was defective when it was filed without a copy of the commitment papers as required by R.C.2725.04(D). Second, the trial court stated that it denied the motion to dismiss because appellant was not entitled to immediate relief.
 {¶ 4} Thus, it is from the November 24, 2003, Judgment Entry of the Richland County Court of Common Pleas that appellant appeals, raising the following assignments of error:
 {¶ 5} "I. DeWeese errored [sic] in ordering the retribution and retaliation raid against Becker, assuming he could trigger the sting with manci C.O.S before he was forced to render a corrupt decision furthering scandal.
 {¶ 6} "II. DeWeese errored [sic] in dragging out an instant habeas corpus for six months, costing the state untold millions of dollars in damages.
 {¶ 7} "III. DeWeese errored [sic] in assuming that the habeas corpus would then be submitted directly for federal review, and not appealed for damages.
 {¶ 8} "IV. DeWeese errored [sic] in assuming there is no sting, and that he and the appellees could act with impunity and the absolute judicial anarchy of united way; when the conspiracy followed appellant into the prison system, the prisons became the new object of the federal sting."
 {¶ 9} Appellant argues that the trial court erred when it dismissed appellant's petition for a writ of habeas corpus. Our standard of review is de novo.
 {¶ 10} Upon de novo review, this court finds that the trial court did not err when it denied appellant's petition for a writ of habeas corpus. Accordingly, appellant's four assignments of error are overruled.
 {¶ 11} The judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Holmes County Court of Common Pleas Case No. 2000-CR-040.
[2] Appellant's conviction was affirmed in State v. Becker,
Holmes App. No. 01-CA-006, 2001-Ohio-7033.