OPINION
{¶ 1} Appellant, Valerie Tierney, appeals from the August 22, 2007 judgment entry of the Trumbull County Court of Common Pleas, Juvenile Division, which granted appellee Daniel Tierney's petition for a writ of habeas corpus to order Ms. Tierney to relinquish possession of their minor child. For the following reasons, we reverse.
 {¶ 2} Substantive and Procedural Facts *Page 2 
 {¶ 3} On August 20, 2007, appellee ("Mr. Tierney"), filed his habeas corpus petition, stating that he was entitled, as residential parent and legal custodian of their seventeen-year-old child, M.T., to immediate possession pursuant to a prior court order relative to allocation of parental rights and responsibilities. In a separate divorce proceeding, the trial court awarded custody of M.T. to Mr. Tierney in September of 2004, and a later filed motion for change of custody by appellant ("Ms. Tierney") was denied. Pursuant to the companionship order in effect, M.T. had been staying with Ms. Tierney for a sustained period during the summer of 2007. When this "summer" visit was scheduled to end, Ms. Tierney did not return M.T. to Mr. Tierney.
 {¶ 4} Without holding a hearing, the trial court issued its judgment entry granting the writ on August 22, 2007. On August 30, 2007, Ms. Tierney moved the trial court for reconsideration of its order concerning the writ and for a stay of execution, arguing that the writ should be denied because Mr. Tierney had physically abused M.T. prior to the beginning of summer visitation. In support, Ms. Tierney submitted her own affidavit and uncertified copies of police reports.
 {¶ 5} One day after filing her motion for reconsideration, Ms. Tierney filed a notice of appeal in this court. The trial court then issued a notice on September 4, 2007, setting a hearing for September 14, 2007.
 {¶ 6} Ms. Tierney then submitted a motion to stay to this court on September 11, 2007, and on September 12, 2007, Ms. Tierney filed a "substituted" motion to stay execution with the trial court to reflect a corrected case number. We overruled this original stay request on the grounds that Ms. Tierney had not afforded the trial court sufficient opportunity to rule upon the pending stay motion filed in the trial court. We *Page 3 
also remanded the case so that the trial court could go forward with the scheduled hearing on the motion for reconsideration.
 {¶ 7} The GAL submitted a written report with the trial court on September 10, 2007, detailing her investigation of Ms. Tierney's allegations of abuse and recommending that M.T. should remain with her father.
 {¶ 8} Following the hearing, the issuance of the magistrate's decision on the matter, and the consideration of Ms. Tierney's objections, the trial court issued a separate judgment on September 28, 2007, in which it denied the request to reconsider and upheld its prior determination as to the writ of habeas corpus. In addition, the trial court expressly overruled appellant's motion to stay the execution of the writ during the pendency of this appeal.
 {¶ 9} Ms. Tierney then filed another motion for a stay of the execution of the trial court's judgment pending this appeal. On October 3, 2007, we overruled Ms. Tierney's renewed motion to stay since Ms. Tierney failed to follow the proper procedure for presenting her allegations of child abuse to a court. Specifically, we stated that "upon learning of the possible abuse, appellant should have moved the trial court in the divorce case for an emergency change of custody due to new circumstances." Thus, we determined that "[w]aiting to raise the `abuse' issue until after appellee had filed his habeas corpus petition is not an appropriate course of action when there was a separate remedy appellant could have pursued." We then emphasized that "since appellant did not try to assert the `abuse' issue through the proper motion in the divorce action, the actual merits of that issue have not been fully litigated and cannot be reviewed in the context of this appeal." *Page 4 
 {¶ 10} Ms. Tierney's appeal is now before us, raising two assignments of error:
 {¶ 11} "[1.] The Appellee was not entitled to a writ of habeas corpus because his petition was not verified.
 {¶ 12} "[2.] The Appellee was not entitled to a writ of habeas corpus because he has an adequate remedy at law."
 {¶ 13} Standard of Review
 {¶ 14} "[H]abeas corpus relief is the exception rather than the general rule, and the writ will ordinarily be denied if there is an adequate remedy in the ordinary course of the law." Savage v.Savage, 11th Dist. Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341, ¶ 37.
 {¶ 15} Further, "the proceedings upon a writ of habeas corpus may be reviewed on appeal. R.C. 2725.26. `An appellate court reviews a decision in a habeas corpus case in the same way it would review a decision in any other case.' In re Ross (2003), 154 Ohio App.3d 1, 2003-Ohio-4419, ¶ 19. `Our standard of review in such cases is de novo.' State v.Edwards (Oct. 28, 1996), 4th Dist. No. 96CA2210, 1996 Ohio App. LEXIS 4898, 1; Becker v. Bradshaw, 5th Dist. No. 2003-CA-0117, 2004-Ohio-3712, ¶ 9." Young v. Burnsman, 4th Dist. No. 06CA2938, 2008-Ohio-64, ¶ 13. See, also, Gallagher v. State, 11th Dist. No. 98-A-0079,129 Ohio App.3d 775, 779.
 {¶ 16} We will address Ms. Tierney's second assignment of error first, as we find Mr. Tierney's petition for a writ should have been dismissed as there was an adequate remedy at law to force Ms. Tierney to relinquish her unlawful possession of M.T in violation of the parties' companionship order.
 {¶ 17} Adequate Remedy at Law *Page 5 
 {¶ 18} In her second assignment of error, Ms. Tierney argues that Mr. Tierney was not entitled to a writ of habeas corpus because he had an alternative adequate remedy at law. Specifically, Ms. Tierney argues that Mr. Tierney should have filed a motion for contempt under the original divorce action for her failure to return the child to his custody. We find this contention to be with merit, thus, we reverse.
 {¶ 19} "In the context of child custody cases, the Supreme Court of Ohio has held that a writ of habeas corpus will lie under extraordinary circumstances where the restraint of the child's liberty is unlawful and the parent lacks an adequate remedy at law." Williams v. Williams, 11th Dist. No. 2002-T-0105, 2002-Ohio-4224, ¶ 4, citing Bamebey v.Zchach (1995), 71 Ohio St.3d 588.
 {¶ 20} It is the latter requirement, that of an adequate remedy of law, which is the fundamental problem in this case, where both Mr. Tierney, as well as Ms. Tierney, had adequate remedies at law that should have been pursued.
 {¶ 21} "[T]he Supreme Court has indicated that a remedy will not be considered `adequate' unless it is beneficial, complete, and speedy." Id. at ¶ 4, citing Marich v. Knox Cty. Dept. of Human Serv. (1989),45 Ohio St.3d 163, 165. "Nevertheless, in determining whether an adequate remedy exists under any particular circumstances, the Supreme Court has consistently stated that the granting of `habeas corpus relief is the exception.'" Id., citing McNeal v. Miami Cty. Children's ServicesBd. (1992), 64 Ohio St.3d 208, 210.
 {¶ 22} In Williams v. Williams, faced with facts apposite to the instant case, we reviewed our previous holding in In re Polis (Sept. 5, 1997), 11th Dist. No. 97-T-0139, 1997 Ohio App. LEXIS 4029. We reversed in both cases, stating: "the appellate courts *Page 6 
of this state have held that a motion before the trial court is usually an adequate remedy at law. See, e.g., Sproule v. Kordeleski (Apr 12, 1995), 9th Dist. No CA005931, 1995 Ohio App. LEXIS 1542. Moreover, in cases in which a parent has sought custody under a prior order of the trial court, it has been held that a contempt motion or a motion to enforce is an adequate remedy at law." Id. at ¶ 5.
 {¶ 23} Thus, even though "the allegations in the petition are construed in a manner most favorable to petitioner, they are legally insufficient to demonstrate that petitioner will be able to satisfy the requirement that [he] lacks an adequate remedy." Id. at ¶ 9.
 {¶ 24} The trial court should have dismissed Mr. Tierney's petition because he could and should have filed a motion to show cause/contempt to enforce the companionship order and force Ms. Tierney to relinquish possession of M.T. Moreover, Ms. Tierney could and should have raised her allegations of abuse by filing an emergency motion to change custody when she first became aware of the "abuse" while M.T. was in her lawful possession during the "summer" visit. Ms. Tierney, however, chose to ignore the court order.
 {¶ 25} Ms. Tierney's second assignment of error is with merit.
 {¶ 26} Requirements of a Petition for a Writ of Habeas Corpus
 {¶ 27} In her first assignment of error, Ms. Tierney alleges that Mr. Tierney was not entitled to a writ of habeas corpus because his petition was not verified. Ms. Tierney's first assignment of error has merit since Mr. Tierney's petition is defective.
 {¶ 28} "R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action." Chari v. Vore (2001),91 Ohio St.3d 323, 327, citing Gaskins v *Page 7 Shiplevy (1996), 76 Ohio St.3d 380, 381. "First, application is by petition that contains certain information." Id., citing R.C. 2725.04. "Then, if the court decides that the petition states a facially valid claim, it must allow the writ." Id., citing R.C. 2725.06. "Conversely, if the petition states a claim for which habeas corpus relief cannot be granted the court should not allow the writ and should dismiss the petition." Id., citing Pegan v. Crawmer (1995), 73 Ohio St.3d 607, 609. "Even when a writ is allowed and a return is ordered, an evidentiary hearing, discovery, and physical presence of the petitioner are not always required." Id., citing Gaskins at 382.
 {¶ 29} Mr. Tierney filed his petition corpus on August 20, 2007, stating that "in accordance with R.C. 2725.06," the parties were divorced, that Mr. Tierney was made residential parent and legal custodian, and that Ms. Tierney was refusing to return the minor child as per the companionship order. The petition was signed by his attorney and copies of the most recent custody order dated October 6, 2005 were attached. The court found the petition well taken. The petition for the writ, however, was not verified.
 {¶ 30} "[T]he mandatory requirements of R.C. 2725.04 * * * requires that the petition be verified. In the absence of any statutory definition of the requisite verification, we must apply the word's usual, normal, or customary meaning." Id., citing State ex. rel. Cuyahoga Cty. v. StatePersonnel Bd. of Review (1998), 82 Ohio St.3d 496, 499; R.C. 1.42. "`Verification' means a `formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.'" Id., citing Garner, Black's Law Dictionary (7 Ed. 1999) 1556; see, also, Webster's Third New International Dictionary (1986) 2543; Youngstown Steel Door Co. v.Kosydar (1973), 33 Ohio App.2d 277, 280 ("Verification under oath *Page 8 
bespeaks some further formal act or presence calculated to bring to bear upon the declarant's conscience the full meaning of what he does").
 {¶ 31} Mr. Tierney "was not entitled to habeas corpus relief because the petition he filed * * * did not comply with the pleading requirements of R.C. 2725.04, i.e., his petition was not verified." Evans v.Klaeger (1999), 87 Ohio St.3d 260, 261, citing Holloway v. Clermont Cty.Dept. of Human Services. (1997), 80 Ohio St.3d 128, 132. See, also,Workman v. Shiplevy (1997), 80 Ohio St.3d 174; Griffin v. McFaul (2007),116 Ohio St.3d 30.
 {¶ 32} Ms. Tierney's first assignment of error is with merit.
 {¶ 33} We reverse the judgment of the Trumbull County Court of Common Pleas Juvenile Division, and upon remand, the trial court is ordered to vacate its prior judgment and dismiss as Mr. Tierney had an adequate remedy at law.
COLLEEN MARY OTOOLE, J., concurs in judgment only,
DIANE V. GRENDELL, P.J., concurs in judgment only with a Concurring Opinion.