[Cite as *In re E.W. v. Natl. Youth Advocate Program*, 2024-Ohio-3101.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| On Behalf of [E.W., III], Kenesha Lattimore, Paralegal The Real Public Defender, | : | |
| | : | |
| Petitioner, | : | No. 23AP-684 |
| v. | : | (REGULAR CALENDAR) |
| [National Youth Advocate Program] et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on August 15, 2024

**On brief:** *Kenesha Lattimore*, pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, for respondents.

IN HABEAS CORPUS
ON MOTIONS

PER CURIAM.

{¶ 1} Petitioner, Kenesha Lattimore, on behalf of E.W., III, her minor child, filed an original action for a writ of habeas corpus. Petitioner asks this court to set aside an order of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, awarding Franklin County Childrens Services temporary custody of E.W., III and to return E.W., III to her custody. Petitioner names National Youth Advocate Program ("NYAP") and Franklin County Children Services ("FCCS") as respondents. On December 18, 2023, petitioner filed a motion for default judgment on the grounds that respondents have failed to plead or otherwise defend. On December 21, 2023 and December 27, 2023 petitioner filed a motion for ex parte hearing. For the following reasons, we deny her petition for a writ of habeas corpus and deny her motions as moot.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommended that this court sua sponte dismiss the petition for a writ of habeas corpus as deficient. Specifically, the magistrate found that Lattimore's petition was not verified as required by R.C. 2745.04 and that Lattimore failed to name a proper respondent. The magistrate also found that Lattimore has an adequate remedy at law by way of further litigation or appeal of juvenile court orders and therefore a writ of habeas corpus is not allowed.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we find no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision, including the findings of fact and the conclusions of law therein, as our own and conclude that Lattimore has failed to demonstrate she is entitled to a writ of habeas corpus. In accordance with the magistrate's decision, the requested writ of habeas corpus is denied and petitioner's pending motions with this court denied as moot.

*Petition for writ of habeas corpus denied.*

MENTEL, P.J., BOGGS, BEATTY BLUNT, JJ., concur.

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

On Behalf of [E.W. III],                                  :
Kenesha Lattimore, Paralegal
The Real Public Defender,                                 :

        Petitioner,                                  :                    No.  23AP-684

v.                                                         :                    (REGULAR CALENDAR)

[National Youth Advocate Program] et al.,                 :

        Respondents.                                 :

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 7, 2024

*Kenesha Lattimore*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, for respondents.

IN HABEAS CORPUS
ON MOTIONS

**{¶ 5}**  Petitioner, Kenesha Lattimore, on behalf of E.W. III ("the child"), has filed this original action requesting that this court issue a writ of habeas corpus, naming National Youth Advocate Program ("NYAP") and Franklin County Children Services ("FCCS") as respondents.

Findings of Fact:

**{¶ 6}**  1. In her petition, petitioner alleges that she is the mother of the child, who was 33 months old at the time of the filing of the petition.

{¶ 7}   2. NYAP appears to be National Youth Advocate Program.

{¶ 8}   3. FCCS is a public agency that provides protection, care, and placement for children who are abused, neglected, or dependent.

{¶ 9}   4. In her petition, petitioner alleges, generally, that she was arrested by police and placed in a mental-health facility based upon allegations made by a third party, whose relationship to petitioner is not clear from the record. The child was removed from petitioner's custody and placed with FCCS. The child was placed in foster care while FCCS and NYAP investigated the matter. Furthermore, the attachments to petitioner's petition show that dependency proceedings were initiated in the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch ("juvenile court"), in November 2021, and there were at least six dependency-action refilings, with the last one attached to the petition being from April 2023.

{¶ 10}  5. A review of the online docket for the Franklin County Court of Common Pleas shows a multitude of juvenile court cases involving the child and petitioner with at least three appeals stemming from those juvenile court cases.

{¶ 11}  6. On November 13, 2023, petitioner filed the petition for writ of habeas corpus, asking this court to set aside the order for temporary custody awarding temporary custody of the child to FCCS and order FCCS to produce the child before the court and return him to petitioner's custody.

{¶ 12}  7. On December 18, 2023, petitioner filed a motion for default judgment on the ground that respondents have failed to plead or otherwise defend.

{¶ 13}  8. On December 21, 2023, petitioner filed a motion for ex parte hearing.

{¶ 14}  9. On December 27, 2023, petitioner filed a motion for ex parte hearing.

Conclusions of Law:

{¶ 15}  The magistrate recommends that this court sua sponte dismiss the petition for writ of habeas corpus.

{¶ 16}  A writ of habeas corpus is an extraordinary remedy. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188 (1995). In order to be entitled to a writ of habeas corpus, a petitioner must show that he or she is being unlawfully restrained of liberty under R.C. 2725.01. *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10. A

writ of habeas corpus is available only when there is no adequate remedy in the ordinary course of the law. *Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480, ¶ 13.

{¶ 17} R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas action. Application is by petition that contains certain information. *Pegan v. Crawmer*, 73 Ohio St.3d 607, 608-09 (1995), citing R.C. 2725.04. If the court decides that the petition states a facially valid claim, it must allow the writ. *Id.*, citing R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition. *Id.* If the court allows the writ, the clerk issues it, and service may be by a sheriff or other person deputized by the court. *Id.*, citing R.C. 2725.07 and 2725.11. Issuing the writ means only that a return is ordered and a hearing will be held. *Id.*, citing *Hammond v. Dallman*, 63 Ohio St.3d 666, 668 (1992), fn. 7.

{¶ 18} A court may sua sponte dismiss a petition for writ of habeas corpus when it does not contain " 'a facially valid claim.' " *State v. Troupe*, 8th Dist. No. 109471, 2020-Ohio-931, quoting *Al'Shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, ¶ 7. The failure to comply with the barest procedural requirements of R.C. 2725.04, means a petitioner has not presented a facially valid claim. *Id.*, citing *In re Evans*, 8th Dist. No. 108316, 2019-Ohio-1129, ¶ 10.

{¶ 19} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

R.C. 2745.04 provides, in pertinent part:

Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended.

{¶ 20} In the present case, petitioner's petition for writ of habeas corpus is deficient in several respects and must be dismissed. Initially, the petition is not verified as required by R.C. 2745.04, and the failure to verify a petition requires dismissal. *See Robinson v. McConahay*, 171 Ohio St.3d 235, 2023-Ohio-498, *dismissed*, 169 Ohio St.3d 1479, 2023-Ohio-1028 (petition for habeas corpus was fatally defective where the petition did not contain a declaration swearing to the truth of the statements contained therein or proof that it was verified in the presence of a notary public; thus, it failed to satisfy the verification requirements of R.C. 2725.04); *Chari v. Vore*, 91 Ohio St.3d 323 (2001); *Tierney v. Tierney*, 11th Dist. No. 2007-T-0095, 2008-Ohio-2755 (former husband's petition for a writ of habeas corpus, alleging that he was entitled to possession of the parties' child after a visitation violation, was defective under R.C. 2725.04, as it was not properly verified).

{¶ 21} Petitioner also fails to name a proper respondent. Pursuant to R.C. 2725.04(B), a petition for a writ of habeas corpus must specify "[t]he officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended." *See In re Striker*, 101 Ohio App. 455 (5th Dist.1956), paragraph one of the syllabus (petition for a writ of habeas corpus must be directed to somebody allegedly responsible for the illegal detention and custody of the petitioner); *State v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. No. 108974, 2019-Ohio-3782, ¶ 4 (pursuant to R.C. 2725.04(B), the writ will lie against only the individual who is directly responsible for keeping the petitioner in custody). Failure to name a proper respondent is a sufficient basis for dismissal of a habeas petition. *See State*

*ex rel. Sherrills v. State*, 91 Ohio St.3d 133 (2001); *Nash v. Mason*, 8th Dist. No. 84250, 2004-Ohio-1686, ¶ 6 (failure to name the officer or person who is charged with custody is sufficient grounds to dismiss the petition). Here, petitioner names NYAP and FCCS as respondents, but neither NYAP nor FCCS is an individual who is directly responsible for keeping the child in custody. Therefore, petitioner's petition must also be dismissed on this basis.

{¶ 22} Furthermore, "[i]n order to prevail on a petition for a writ of habeas corpus in a child custody case, the petitioner must establish that (1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to custody of the child." *State ex rel. Bruggeman v. Court of Common Pleas of Auglaize Cty.*, 87 Ohio St.3d 257 (1999). *See also In re Bailey*, 98 Ohio St.3d 309, 2003-Ohio-859, ¶ 11. "Where a person restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of a judgment or order of a court of record, and the court or magistrate had jurisdiction to issue the process, render the judgment or make the order, a discharge from custody by the writ of habeas corpus will not be allowed. Such person has an adequate remedy at law by way of review on appeal." *In Re Burson*, 152 Ohio St. 375 (1949), paragraph four of syllabus. *See also Ex parte Crouse*, 14 Ohio App. 274 (1921) (1st Dist.1921). *See also Rammage v. Saros*, 97 Ohio St.3d 430, 2002-Ohio-6669 (habeas corpus is not available when a parent has adequate legal remedies for contesting a temporary custody order based on a finding of dependency).

R.C. 2151.23 provides, in pertinent part, as follows:

(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:

(1) Concerning any child who on or about the date specified in the complaint, indictment, or information is alleged to have violated section 2151.87 of the Revised Code or an order issued under that section or to be a juvenile traffic offender or a delinquent, unruly, abused, neglected, or dependent child and, based on and in relation to the allegation pertaining to the child, concerning the parent, guardian, or other person having care of a child who is alleged to be an unruly child for being an habitual truant or who is alleged to be a delinquent child for violating a court order regarding the child's prior adjudication as an unruly child for being an habitual truant;

(2) Subject to divisions (G), (I), (K), and (V) of section 2301.03 of the Revised Code, to determine the custody of any child not a ward of another court of this state;

(3) To hear and determine any application for a writ of habeas corpus involving the custody of a child.

{¶ 23} Here, the pleadings attached to the petition demonstrate that the child is in the custody of FCCS pursuant to an order of the juvenile court under the jurisdictional authority of R.C. 2151.23; thus, petitioner cannot utilize habeas corpus to effectuate a discharge from custody. Similarly, under R.C. 2151.23, the juvenile court has exclusive jurisdiction concerning child-dependency actions and any application for a writ of habeas corpus involving the custody of a child. Insofar as the juvenile court has or may issue any final orders regarding the custody of the child, petitioner has or had an adequate remedy at law by way of further litigation in the juvenile court or appeal. *See, e.g.*, *In re Murray*, 52 Ohio St.3d 155 (1990), syllabus (finding that an adjudication by a juvenile court that a child is "neglected" or "dependent," followed by a disposition awarding temporary custody to a public children services agency, constitutes a "final order" within the meaning of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02). A review of the online docket for the Franklin County Court of Common Pleas shows a multitude of juvenile court cases involving the child and petitioner, with at least three attempted appeals stemming from those juvenile court cases. Therefore, petitioner has an adequate remedy at law by way of further litigation or appeal of any juvenile court orders. *See, e.g.*, *Rammage* (parent had the right to challenge the magistrate's decision in any subsequent hearing in the case and could appeal any adverse judgment by the juvenile court). Therefore, based on these deficiencies, the petition must be dismissed.

{¶ 24} Accordingly, it is the magistrate's decision that this court should sua sponte dismiss petitioner's petition for writ of habeas corpus. Petitioner's motion for default judgment and motions for ex parte hearing are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.