[Cite as *Johnson v. Johnson-Clevenger*, 2025-Ohio-244.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| DONNA JOHNSON | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|     Petitioner-Appellant | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2024 CA 0041 |
| SARAH JOHNSON-CLEVENGER | |
|     Respondent-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
                            Pleas, Juvenile Division, Case No. 2004
                            MISC 0005


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     January 28, 2025


APPEARANCES:

For Petitioner-Appellant                For Respondent-Appellee

BRIAN J. HALLIGAN                       BRADLEY HARP
234 South Trimble Road                  126 North Walnut Street
Mansfield, Ohio  44906                  Wooster, Ohio  44691

                                        For Third Party Appellee

                                        KRISTIN E. BROWN
                                        401 North Main Street
                                        Mansfield, Ohio  44902

*Wise, J.*

{¶1}    This case comes before this Court on the appeal of the petitioner-appellant, Donna Johnson, of the dismissal of her habeas corpus petition in the Richland County Juvenile Court. Appellees are respondent, Sarah Johnson Clevenger and Jeffrey Johnson.[1]

## FACTS AND PROCEDURAL HISTORY

{¶2}    This case involves the custody of two minor children, K.J. [D.O.B. 9/3/2012] and K.J. [D.O.B. 12/9/2014]. The children are the grandchildren of the petitioner-appellant, Donna Johnson. The biological mother of the children, respondent-appellee, Sarah Johnson Clevenger, consented to the adoption of her two children in 2017 in Arizona by Donna.  Donna is the biological mother of Sarah. Respondent-appellee, Jeffrey Johnson, is the maternal grandfather of the children who has standing in this matter because the Domestic Relations Court in Richland County awarded him temporary custody of the children in May, 2024.[2]

{¶3}    In 2022, Donna and Sarah moved to Ohio with the two children. Donna moved to take care of her mother who was recovering from surgery, and Sarah moved to stay close to her children.  Sarah always had a role in her children's lives even while Donna, her mother, was their legal parent through the Arizona adoption.

{¶4}    After the move to Ohio, Donna allowed the children to live with Sarah. Her father, Jeffrey, the ex-husband of Donna, had moved in with Sarah and the children.

---

[1] Appellant has filed a motion to dismiss Jeffrey Johnson as a party for lack of standing. Because Jeffrey Johnson has temporary custody of the children that are the subject of this appeal, we deny the motion.

[2] First names will be used for the parties to avoid confusion.

**{¶5}** In 2023, Donna requested that Sarah return custody of the children to her. Sarah did not return the children, citing a diagnosis of Covid at one time and another time allegations of neglect and/or abuse in Donna's home.

**{¶6}** On or about March 4, 2024, Donna filed a petition for a writ of habeas corpus in the Richland County Juvenile Court. Based on the allegations set forth in the petition, the clerk ordered Sarah to produce the children in the Juvenile Court for a hearing before the court. That hearing was set for April 10, 2024. *Writ of Habeas Corpus, March 4, 2024.*

**{¶7}** The clerk of courts ordered the petition to be served upon Sarah, but Sarah was not served with the petition until March 26, 2024, by personal service.

**{¶8}** Meanwhile, on March 12, 2024, Jeffrey filed an emergency motion and motion for temporary custody in the Richland County Domestic Relations Court requesting custody of the children. Jeffrey, alleged, inter alia, that child protective services was investigating Donna's household for alleged neglect and/or abuse. The Domestic Relations Court held a hearing on Jeffrey's motion on March 26, 2024 and ordered temporary custody to Jeffrey. Donna, Sarah and Jeffrey were present at the hearing. At that hearing, Sarah was served with the petition filed by Donna for the habeas corpus writ.

**{¶9}** There are no transcripts filed of the hearing with this Court, but the Domestic Relations Court order is part of the record. *Judgment Entry, March 28, 2024.*

**{¶10}** The Domestic Relations Court found that it had jurisdiction to hear the matter under R.C.2301.03(G). It found that at the time the motion for temporary and legal custody was filed by Jeffrey, no other court had taken jurisdiction of the minor children.

{¶11} The court further found that an investigation was pending with the Ontario Police Department and the Richland County Children Services. Given the pending investigation, it ordered temporary custody of the children to Jeffrey and ordered that a Guardian Ad Litem be appointed to represent the children.

{¶12} The court retained jurisdiction of the matter and ordered a pretrial conference to review the matter. *Jeffrey S. Johnson v. Donna C. Johnson, Case No. 2024PCU0149.*[3]

{¶13} On April 10, 2024, the Richland County Juvenile Court held a pre-trial on the issuance of the writ and ordered the parties to brief the issue of jurisdiction.

{¶14} An evidentiary hearing was held on the matter in the Richland County Juvenile Court on May 30, 2024. All parties were present at the hearing. Appellant has not filed a transcript of the hearing.

{¶15} On June 6, 2024, the Richland County Juvenile Court issued a judgment entry dismissing Donna's petition for habeas corpus. *Judgment Entry, June 6, 2024.*

{¶16} In the judgment entry, the Juvenile Court found that Donna had an adequate remedy at law, namely the custody order from Domestic Relations Court. *Judgment Entry at 4.*

> At the time the Petition was filed, the children were in the physical custody of Respondent, although no longer by an agreement. Petitioner had an adequate remedy at law because she could have sought, and

---

[3] A review of the online docket shows that the matter is still pending in the Richland County Domestic Relations Court and is set for a full day trial on April 10, 2025. *State v. Estridge,* 2022-Ohio-208, fn. 1 (2nd Dist.) (finding that it is a common practice for appellate courts to take judicial notice of publicly accessible online dockets).

perhaps obtained a temporary custody order from Domestic Relations Court and an order requiring Respondent or Mr. Johnson to surrender physical custody of the children. ... The fact that a temporary order was issued against Ms. Johnson does not mean that a remedy was unavailable.

*Judgment Entry, June 6, 2024 at 4.*

**{¶17}** Donna timely appealed the judgment entry of the Juvenile Court alleging two assignments of error.

## ASSIGNMENTS OF ERROR

**{¶18}** "I. THE TRIAL COURT ERRED IN DISMISSING THE PETITION ON THE STATED GROUND THAT PETITIONER HAD AN ADEQUATE REMEDY IN THE ORDINARY COURSE OF LAW.

**{¶19}** "II. THE TRIAL COURT ERRED IN FAILING TO EXERCISE EXCLUSIVE JURISDICTION OVER THE CHILDREN."

## ANALYSIS

**{¶20}** Because both assignments of error are interrelated, we will discuss them together.

**{¶21}** R.C. 2151.23(A)(3) provides a juvenile court with jurisdiction to hear and decide a petition for writ of habeas corpus involving the custody of a child.

**{¶22}** A writ of habeas corpus is an extraordinary remedy. *State ex rel. Jackson v. McFaul,* 1995-Ohio-228. (1995). In the context of child custody cases, the Supreme Court has held that a writ of habeas corpus will lie under extraordinary circumstances where the restraint of the child's liberty is unlawful and the parent lacks an adequate remedy at law. *Barnebey v. Zshach,* 71 Ohio St.3d 588 (1995) (finding that biological

mother had an adequate legal remedy to challenge adoption by filing a motion in probate court).

**{¶23}** "Habeas corpus relief is the exception rather than the general rule, and the writ will ordinarily be denied if there is an adequate remedy in the ordinary course of the law." *Tierney v. Tierney,* 2008-Ohio-2755, ¶ 14 (11th Dist.) citing S*avage v. Savage,* 2004-Ohio-6341, ¶ 37 (11th Dist.).

**{¶24}** An appellate court reviews a decision in a habeas corpus case in the same way it would review a decision in any other case. Our standard of review is de novo. *Tierney v. Tierney, supra, at* ¶ 15 (11t[h] Dist.).

**{¶25}** In this case, the trial court dismissed appellant's habeas corpus petition because it found that she had an adequate remedy at law. "The remedy of a custody order from Domestic Relations Court under R.C. 2151.23(A)(2) and R.C. 2301.03(G)(1) was available at the time the habeas corpus petition was filed." *Judgment Entry, June 6, 2024 at 4.*

**{¶26}** We agree with the trial court and affirm its dismissal of appellant's habeas corpus petition. The Richland County Domestic Relations Court has concurrent jurisdiction with the Richland County Juvenile Court "to determine the care, custody, or control of any child not a ward of another court of this state. R.C. 2301.03(G); *State ex rel. Richland County Children Services v. Richland County Court of Common Pleas,* 2017-Ohio-9160, ¶ 14.

**{¶27}** The Domestic Relations Court obtained jurisdiction of the custody of the children and issued an order on March 28, 2024 awarding temporary custody of the children to Jeffrey. Appellant was served with the motion, attended the hearing, and is a

party to the action.  She can contest the temporary custody matter, file pleadings asserting her rights to custody, and appeal the final ruling of the Domestic Relations Court if it is adverse to her position.

**{¶28}** In short, appellant did not demonstrate to the juvenile court or this Court that no adequate remedy at law existed. She is pursuing an adequate remedy through the Richland County Domestic Relations Court.  Accordingly, appellant's assignments of error numbers one and two are overruled.

## CONCLUSION

**{¶29}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

JWW/kt 0120