[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 607.]

PEGAN, APPELLANT *v*. CRAWMER, APPELLEE.

[Cite as *Pegan v. Crawmer*, 1995-Ohio-175.]

*Habeas corpus—R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas corpus action.*

(No. 94-2373—Submitted May 9, 1995—Decided September 6, 1995.)

APPEAL from the Court of Appeals for Licking County, No. 94-CA-00106.

————————————

{¶ 1} On October 19, 1994, appellant, Stella M. Pegan, filed a petition for a writ of habeas corpus in the court of appeals, alleging that she was entitled to custody of Candi Pegan, age five, under a 1990 judgment entry of the Juvenile Division of the Court of Common Pleas of Licking County, and that the child's father, appellee, Ronald L. Crawmer, was wrongly exercising custody under an October 1994 order of the Domestic Relations Division of the Court of Common Pleas of Licking County. Appellant alleged that the domestic relations division had no jurisdiction to award appellee temporary custody since it had dismissed appellee's motion for failure to file an affidavit required by R.C. 3109.27.

{¶ 2} On October 28, 1994, the court of appeals "denied" the "complaint for Habeas Corpus * * * for * * * failure to certify that a copy of same was served upon the named defendant." On October 31, 1994, appellee, who apparently had actual notice of the habeas petition, filed a motion to dismiss, attaching evidence that he had refiled his motion with a proper affidavit in the domestic relations division, and on that basis the court had awarded him temporary custody. However, this evidence was never before the court of appeals, which had already denied the writ.

{¶ 3} Appellant appealed to this court as of right, alleging that the court of appeals inappropriately applied App. R. 13 (D) (papers filed shall contain proof of

service) to her petition. She claims Civ. R. 4 (A) (clerk to serve summons and copy of complaint) is applicable, not App. R. 13 (D). Appellee has filed no brief.

_____

*Central Ohio Legal Aid Society, Inc.*, and *Patricia L. Moore*, for appellant.

_____

***Per Curiam.***

**{¶ 4}** We reverse the judgment of the court of appeals for the following reasons.

**{¶ 5}** App. R. 1(A) states:

"These rules govern procedure *in appeals* to courts of appeals *from the trial courts of record* in Ohio." (Emphasis added.)

**{¶ 6}** Therefore, App. R. 13 (D) could not have been applicable to this original action in the court of appeals.

**{¶ 7}** Appellant urges that the clerk should have been required to serve copies of the petition with summons under Civ. R. 4 (A). However, Civ. R. 1(A) states in part:

"These rules prescribe the procedure to be followed *in all courts of this state* in the exercise of civil jurisdiction at law or in equity, *with the exceptions stated in subdivision (C) of this rule.*" (Emphasis added.)

**{¶ 8}** Civ. R. 1 (C) states in part:

"These rules, to the extent they would by their nature be clearly inapplicable, shall not apply to procedure * * * in all other special statutory proceedings * * *."

**{¶ 9}** Courts of appeals have differed in their application of the Civil Rules to habeas corpus actions. In *In re Terry* (1988), 51 Ohio App. 3d 133, 137, 544 N.E.2d 1365, 1369, the Court of Appeals for Marion County held that "[t]he Civil Rules are inapplicable" in a habeas corpus proceeding. On the other hand, in *Harshaw v. Farrell* (1977), 55 Ohio App. 2d 246, 9 O.O. 3d 387, 389 N.E.2d 749,

the Court of Appeals for Franklin County held that "Civ. R. 23, pertaining to class actions, may, under proper conditions, be applicable to a habeas corpus proceeding." Similarly, in *Reynolds v. Ross Cty. Children's Serv. Agency* (Jan. 17, 1979), Ross App. No. 704, unreported, the Court of Appeals for Ross County held that Civ. R. 4.1 (2) (plaintiff's written request for personal service) applies to habeas cases; and in *Turner v. Morris* (Apr. 25, 1991), Ross App. No. 1702, unreported, the same court of appeals held that some discovery rules may apply in habeas actions.

{¶ 10} Therefore, all Civil Rules are not "clearly inapplicable" in habeas actions "by their nature." However, whatever the applicability of a particular Civil Rule, it is evident that R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas action. First, application is by petition that contains certain information. R.C. 2725.04. Then, if the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition. If the court allows the writ, the clerk issues it, and service may be by a sheriff or other person deputed by the court. R.C. 2725.07; 2725.11. Issuing the writ means only that a return is ordered and a hearing will be held. *Hammond v. Dallman* (1992), 63 Ohio St. 3d 666, 668, 590 N.E.2d 744, 746, fn. 7.

{¶ 11} In the instant case, the court of appeals had before it a petition alleging unlawful custody of a minor under a void court order. The action should have proceeded under R.C. Chapter 2725 and not have been dismissed for failure to serve summons on the other party pursuant to App. R. 13 (D). Accordingly, we reverse the judgment of the court of appeals and remand the cause to determine whether the writ should be allowed pursuant to R.C. 2725.06. If the court of appeals finds that the writ should be allowed then it should order a return of the writ, as prescribed in R.C. Chapter 2725.

*Judgment reversed
and cause remanded.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

_____