[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 603.]

MARTIN, APPELLANT, *v.* ROEDER ET AL., APPELLEES.

[Cite as *Martin v. Roeder*, 1996-Ohio-451.]

*Appellate procedure—Civ.R. 60(B) inapplicable to appellate proceedings.*

(No. 96-399—Submitted May 7, 1996—Decided June 19, 1996.)

APPEAL from the Court of Appeals for Marion County, No. 9-94-46.

———————————

{¶ 1} In 1994, appellant, Robert Martin, filed a complaint in the Marion County Court of Common Pleas against appellees, employees of Marion Correctional Institution, alleging a violation of Section 1983, Title 42, U.S. Code. The common pleas court granted summary judgment in favor of appellees. The court of appeals affirmed the judgment on appeal. *Martin v. Roeder* (Dec. 16, 1994), Marion App. No. 9-94-46, unreported, 1994 WL 709699. A discretionary appeal to this court was not allowed. *Martin v. Roeder* (1995), 71 Ohio St.3d 1502, 646 N.E.2d 1126.

{¶ 2} In January 1996, Martin filed a Civ.R. 60(B)(5) motion for relief from the court of appeals' 1994 judgment. The court of appeals overruled Martin's motion based on its determination that Civ.R. 60(B) was inapplicable to appellate proceedings.

{¶ 3} The cause is now before the court upon a claimed appeal as of right.

———————————

*Robert Martin, pro se*.

*Betty D. Montgomery*, Attorney General, and *Paula Luna Paoletti*, Assistant Attorney General, for appellees.

———————————

*Per Curiam.*

**{¶ 4}** The court of appeals correctly concluded that Civ.R. 60(B) is clearly inapplicable to review the court's judgment on appeal. Civ.R. 1(C)(1). The Rules of Appellate Procedure govern appeals from trial courts of record to courts of appeals in Ohio. App.R. 1(A); *Pegan v. Crawmer* (1996), 73 Ohio St.3d 607, 608, 653 N.E.2d 659, 660; see, generally, McCormac, Ohio Civil Rules Practice (2 Ed.1992) 5, Section 1.05 (Civil Rules have no application to procedure in courts of appeals to review any judgment, order, or ruling, since the Appellate Rules set forth the applicable procedure).

**{¶ 5}** In addition, under the Appellate Rules, application for reconsideration of any judgment submitted on appeal must be filed within ten days after filing of the judgment or announcement of the court's decision, whichever is later. App.R. 26(A). Therefore, even if Martin's motion could have been construed as an application for reconsideration, it would have been untimely.

**{¶ 6}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer, Cook and Stratton, JJ., concur.

———————————