Appellant-petitioner, inmate Patrick Kennelly, appeals the dismissal of his petition for a writ of habeas corpus. This Court affirms.
 I.
Kennelly filed his habeas corpus petition on June 6, 1997. Appellee-respondent, warden Carl Anderson, responded by filing a motion to dismiss for failure to state a claim for which relief could be granted. The trial court granted Anderson's motion to dismiss on July 11, 1997. On July 22, 1997, Kennelly filed a consolidated motion for reconsideration of the July 11, 1997 order dismissing his petition and a motion for findings of fact and conclusions of law. The consolidated motion was denied on September 4, 1997. Kennelly timely appeals from this denial.
 II.
On appeal, Kennelly merely argues that the trial court was required to enter findings of fact and conclusions of law and requests that this Court remand the case with instructions to that effect. However, Kennelly has no right to findings of fact or conclusions of law in this instance. Because the trial court dismissed Kennelly's habeas corpus petition pursuant to Civ.R. 12(B)(6), Civ.R. 52 does not require the trial court to issue findings of fact and conclusions of law. Cockrell v. Russell
(Nov. 18, 1996), Warren App. No. CA96-07-071, unreported; State exrel. Scott v. Edwards (Oct. 28, 1996), Ross App. No. 96CA2210, unreported. Additionally, the Supreme Court of Ohio has noted that the Ohio Rules of Civil Procedure are not necessarily applicable to habeas corpus proceedings, Pegan v. Crawmer (1995),73 Ohio St.3d 607, 608-609, and this Court has previously held that a trial court is under no statutory obligation to issue findings of fact or conclusions of law when it dismisses a habeas corpus petition. Dukes v. Rose (Mar. 6, 1996), Lorain App. No. 95CA006155, unreported. As such, the trial court did not err in denying Kennelly's request for findings of fact and conclusions of law.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Common Pleas Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to the appellant.
Exceptions.
 ____________________ DONNA J. CARR
 FOR THE COURT
BAIRD, P. J.
MAHONEY, J.
CONCUR
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)