[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 134.]

BUOSCIO, APPELLANT, *v.* BAGLEY, WARDEN, APPELLEE.

[Cite as *Buoscio v. Bagley*, 2001-Ohio-298.]

*Habeas corpus to compel relator's release from prison—Dismissal of petition affirmed.*

(No. 00-1691—Submitted January 31, 2001—Decided March 7, 2001.)

APPEAL from the Court of Appeals for Richland County, No. 00-CA-64.

————————————

*Per Curiam.*

{¶ 1} In July 1991, a Summit County Grand Jury returned an indictment charging appellant, Samuel Buoscio, with aggravated murder, having a weapon while under a disability, and various specifications. The Summit County Court of Common Pleas granted the state's motion to amend the aggravated murder charge to voluntary manslaughter, and Buoscio pled guilty to the amended charge and an accompanying firearm specification. In January 1992, the common pleas court sentenced Buoscio to an aggregate prison term of thirteen to twenty-eight years.

{¶ 2} In July 2000, Buoscio filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel his immediate release from prison. Buoscio claimed that the common pleas court lacked jurisdiction to amend his indictment and convict and sentence him for voluntary manslaughter. In August 2000, the court of appeals *sua sponte* dismissed the petition because of "petitioner's failure to demonstrate on the face of said Petition that same was served upon the named respondent [Buoscio's prison warden]."

{¶ 3} In his appeal of right, Buoscio claims that the court erred by dismissing his petition based on his failure to include a proof of service in his petition. His warden counters that the court of appeals was required to dismiss the

petition because of the mandatory language of Civ.R. 5(D).[1]  For the following reasons, we hold that although the court's rationale was incorrect, it did not err in dismissing the petition.

{¶ 4} The court of appeals dismissed Buoscio's petition because his petition did not include any proof of service.  This reason is incorrect.  "[W]hatever the applicability of a particular Civil Rule, it is evident that R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas action."  *Pegan v. Crawmer* (1995), 73 Ohio St.3d 607, 608-609, 653 N.E.2d 659, 661.  Service of the petition and the ordering of a return are required only if the petition states a facially valid claim and the court allows the writ.  *Id.*, 73 Ohio St.3d at 609, 653 N.E.2d at 661; *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 271, 695 N.E.2d 254, 255.

{¶ 5} In addition, even if the Rules of Civil Procedure regarding service were applicable here, Civ.R. 5(D) would still not apply to Buoscio's petition because it "governs the filing with the court of pleadings and papers *subsequent to the filing of the original complaint*."  (Emphasis deleted and new emphasis added.)  Staff Note to July 1, 1971 Amendment of Civ.R. 5(D).

{¶ 6} Nevertheless, we are not authorized to reverse a correct judgment merely because erroneous reasons were given by the court of appeals.  See *Page v. Riley* (1999), 85 Ohio St.3d 621, 624, 710 N.E.2d 690, 693, and cases cited therein.

{¶ 7} Dismissal of Buoscio's petition was warranted because he challenged the validity or sufficiency of his indictment, as amended, and this claim is not cognizable in habeas corpus.  See *State ex rel. Raglin v. Brigano* (1998), 82 Ohio St.3d 410, 696 N.E.2d 585 (affirmance of dismissal of habeas corpus petition claiming trial court improperly amended indictment charge of murder to a charge

---

1. Civ.R. 5(D) provides that "[a]ll papers, after the complaint, required to be served upon a party shall be filed with the court within three days after service [and that] [p]apers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."

of involuntary manslaughter); cf., also, *State v. Shane* (1992), 63 Ohio St.3d 630, 632, 590 N.E.2d 272, 274 (voluntary manslaughter is an inferior-degree offense of murder).

{¶ 8} Based on the foregoing, although the court's rationale was incorrect, its dismissal of Buoscio's petition was proper. Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Samuel Buoscio, pro se*.

*Betty D. Montgomery*, Attorney General, and *Karen E. Carter*, Assistant Attorney General, for appellee.

————————————