JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a writ of habeas corpus issued by Juvenile Division Magistrate David M. Novak and approved by Juvenile Division Judge Patrick F. Corrigan. Appellant N.V., who claims to be the father, argues that the writ was improperly applied for, issued, and returned. We dismiss because the order appealed from is not final.
 {¶ 2} On December 18, 2002, S.V.'s mother, A.G., filed an application for a writ of habeas corpus in the juvenile division, alleging that she was entitled to immediate custody of S.V. under R.C. 3109.042, which states that an unmarried woman is "the sole residential parent and legal custodian" of a child born to her until a court so designates another person. N.V. had filed an application to determine custody on July 22, 2002, but that request had not been ruled upon and remained pending on the date of A.G.'s application for the writ.
 {¶ 3} On December 20, 2002, the magistrate issued a decision that granted the writ of habeas and ordered N.V. to return the child to its mother immediately. The magistrate's decision also stated: "Case continued for further hearing." A hearing initially was scheduled for February 4, 2003 but an order entered on that date rescheduled the hearing for February 28, 2003. However, N.V. filed a notice of appeal on February 7, 2003, claiming the juvenile court had no jurisdiction to issue the writ because the application was not properly served and not properly verified.
 {¶ 4} We must first determine whether we have jurisdiction over this appeal. In Pegan v. Crawmer,[1] the Ohio Supreme Court determined that lack of proper service should not prevent the issuance of a writ if it appears that it should be granted under R.C. 2725.06.[2] The court explained that the lack of initial service would not deny the respondent due process because "[i]ssuing the writ means only that a return is ordered and a hearing will be held."[3] In this case the writ was issued and a hearing scheduled in accordance with Pegan, but N.V. filed his notice of appeal before the hearing could be held. Therefore, the writ has not been finally resolved and the order is not final until a hearing is held and the judge makes a ruling allowing discharge or continued detention pursuant to R.C. 2725.17.
Appeal dismissed.
KENNETH A. ROCCO, A.J., And ANTHONY O. CALABRESE JR., J., Concur
[1] 73 Ohio St.3d 607, 1995-Ohio-175, 653 N.E.2d 659.
[2] Id. at 608-09.
[3] Id. at 609 (citation omitted).