[Cite as *State ex rel. Hardy v. Williams*, 2022-Ohio-1254.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. | : | |
| Shawn Hardy, | | |
| | : | No. 21AP-441 |
| Petitioner, | | |
| | : | (REGULAR CALENDAR) |
| v. | | |
| | : | |
| A.J. Williams, et al., | | |
| | : | |
| Respondents.] | | |

---

D E C I S I O N

Rendered on April 14, 2022

---

**On brief:** *Shawn Hardy*, pro se.

**On brief:** *David D. Hayes*, Greene County Ohio Prosecuting
Attorney, and *Ashley N. Caldwell*.

---

IN HABEAS CORPUS
ON RESPONDENTS' MOTION TO DISMISS

MENTEL, J.

{¶ 1} Petitioner, Shawn Hardy, brought this original action seeking a writ of habeas corpus. Respondents, Judge Adolfo Tornicho of the Greene County Court of Common Pleas and A.J. Williams, Clerk of Courts of Greene County, have filed a motion to dismiss based on this court's lack of jurisdiction under R.C. 2725.03.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. As stated in the decision below, the magistrate recommends that we grant the motion and dismiss Mr. Hardy's petition because it was not filed in the county where he is allegedly incarcerated. (Dec. 14, 2021 Mag. Decision at 2.)

The magistrate's decision also stated that Mr. Hardy had the opportunity under Civ.R. 53(D)(3) to object to the findings of fact and conclusions of law in the decision. *Id*. at 3.

{¶ 3} It is not clear if Mr. Hardy is still incarcerated or not, as the record reflects that each attempt by the clerk to effect service upon him by mail has been returned as undeliverable and several different addresses in Greene County. Nevertheless, under Civ.R. 5(B)(2), service was complete on Mr. Hardy, in spite of his failure to notify the clerk of any change of address. *See* Ohio Civ.R. 5(B)(2)(c) ("A document is served under this rule by * * * mailing it to the person's last known address by United States mail, in which event service is complete upon mailing."). *See also Leader Ins. Co. v. Moncrief*, 10th Dist. No. 05AP-1289, 2006-Ohio-4232, ¶ 39 ("a party bears the burden of notifying the court formally of a change of address") and *Volpe v. Volpe*, 6th Dist. No. E-18-055, 2019-Ohio-5281, ¶ 7, 18 (overruling assignment of error alleging that appellant was "deprived * * * of a meaningful opportunity to file objections to the magistrate's decision" where "the clerk properly served appellant with a copy of the magistrate's decision at his last known address" under Civ.R. 5(B)(2)(c)).

{¶ 4} Mr. Hardy filed no objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other evident defect. *See, e.g., State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections filed). We agree with the magistrate's conclusion that, under R.C. 2725.03, only "the courts or judges of the county" where a petitioner's institution of incarceration is located has jurisdiction over a petition for a writ of habeas corpus. Accordingly, we adopt the decision of the magistrate, grant respondents' motion and dismiss the petition for lack of jurisdiction.

*Motion granted; petition dismissed.*

KLATT, and BEATTY BLUNT, JJ., concur.

———————————

A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Shawn Hardy, | : | |
| Petitioner, | : | |
| v. | : | No. 21AP-441 |
| A.J. Williams et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents.] | | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 14, 2021

*Shawn Hardy,* pro se.

*David D. Hayes,* Prosecuting Attorney, and *Ashley N. Caldwell,* for respondents.

IN HABEAS CORPUS
ON RESPONDENTS' MOTION TO DISMISS

{¶ 5}   Petitioner, Shawn Hardy, has filed this original action requesting that this court issue a writ of habeas corpus. The named respondents in the complaint, Judge [Adolfo] Tornichio and A.J. Williams, have filed a motion to dismiss the petition.

Findings of Fact:

{¶ 6}   1. Petitioner is an inmate in the State of Ohio, although the record is unclear as to where he is incarcerated. Petitioner's petition indicates his address is "Community

Correction [sic] Center," with a Lebanon, Ohio, address scratched out and a Xenia, Ohio, address handwritten next to it. Respondents indicate that petitioner was to serve six months in the Greene County jail (presumably the Xenia, Ohio, address), but his supervision was modified to include treatment at Community Correctional Center ("CCC") in Lebanon, Ohio, which is where he was allegedly incarcerated at the time of the petition.

{¶ 7}  2. CCC is located in Warren County, Ohio.

{¶ 8}  3. The Xenia, Ohio, address handwritten on the petition is located in Greene County, Ohio.

{¶ 9}  4. Respondent Judge Tornichio is a judge in the Greene County Court of Common Pleas and presided over proceedings related to petitioner's convictions for felony non-support of dependents.

{¶ 10} 5. A.J. Williams is the Clerk of Courts for the Greene County Court of Common Pleas.

{¶ 11} 6. On September 3, 2021, petitioner filed a petition for a writ of habeas corpus in the Tenth District Court of Appeals, alleging certain sentencing errors with regard to his convictions for felony non-support of dependents in Greene County.

{¶ 12} 7. The Tenth District Court of Appeals is located in Franklin County, Ohio.

{¶ 13} 8. On October 26, 2021, respondents filed a motion to dismiss, asserting that petitioner failed to file his petition in the proper county, pursuant to R.C. 2725.03.

Discussion and Conclusions of Law:

{¶ 14} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss petitioner's habeas corpus action.

{¶ 15} R.C. 2725.03 provides:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void.

{¶ 16} A writ of habeas corpus is an extraordinary remedy that is available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 8.

{¶ 17} R.C. 2725.03 requires an inmate to file his or her petition for a writ of habeas corpus in the court of the county in which the institution is located.

{¶ 18} Here, whether petitioner was incarcerated in Warren County or Greene County, petitioner was required to file his petition for a writ of habeas corpus in one of those counties pursuant to R.C. 2725.03. However, petitioner filed his petition in Franklin County.

{¶ 19} Accordingly, because this court lacks jurisdiction over petitioner's habeas corpus petition, it is this magistrate's decision that this court should grant respondents' motion and dismiss the petition.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**
Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).