[Cite as *State ex rel. Hogan v. Ohio Adult Parole Auth.*, 2023-Ohio-285.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Tremain Hogan, | : | |
| Petitioner, | : | |
| v. | : | No. 22AP-497 |
| Ohio [Adult] Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on January 31, 2023

**On brief:** *Tremain Hogan*, pro se.

**On brief:** *Dave Yost,* Attorney General, for respondent.

IN HABEAS CORPUS
ON SUA SPONTE DISMISSAL

BOGGS, J.

{¶1} On August 12, 2022, Petitioner, Tremain Hogan, brought this original action requesting this court to issue a writ of habeas corpus ordering respondent, the Ohio Adult Parole Authority, to release him from custody.

{¶2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued the appended decision, including findings of fact and conclusions of law. The magistrate determined that this court lacks jurisdiction pursuant to R.C. 2725.03 because petitioner is incarcerated in Mahoning County, yet he filed his habeas corpus petition in Franklin County. Thus, the magistrate recommended that this court dismiss petitioner's writ of habeas corpus.

{¶3} Petitioner has not filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision unless the court determines that there is an error of law or other defect evident on the face of the decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other defect.

We agree with the magistrate's conclusion that this court lacks jurisdiction over petitioner's claim. "Pursuant to R.C. 2725.03, only a court located in the county in which the petitioner is incarcerated possesses jurisdiction to issue or determine a writ of habeas corpus." *State ex rel. McIntyre v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-732, 2021-Ohio-922, ¶ 12. Because the Tenth District Court of Appeals is located in Franklin County, and petitioner is incarcerated in Mahoning County, this court does not have jurisdiction to entertain petitioner's request for a writ of habeas corpus.

{¶4} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. Accordingly, we dismiss this action.

*Petition for writ of habeas corpus dismissed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Tremain Hogan, | : | |
| Petitioner, | : | |
| v. | : | No. 22AP-497 |
| Ohio [Adult] Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 23, 2022

*Tremain Hogan,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, for respondent.

IN HABEAS
ON SUA SPONTE DISMISSAL

{¶5}    Petitioner, Tremain Hogan, has filed this original action seeking the issuance of a writ of habeas corpus.  Petitioner lists Ohio Adult Parole Authority as the respondent.

Findings of Fact:

{¶6}    1. Petitioner is an inmate incarcerated at the Northeast Ohio Correctional Center in Mahoning County, Ohio.

{¶7}    2. Respondent is an administrative unit of the Ohio Department of Rehabilitation and Correction.

{¶8}    3. The Tenth District Court of Appeals is in Franklin County, Ohio.

**{¶9}**     4. On August 12, 2022, petitioner filed a motion for leave to file a petition for habeas corpus and a petition for writ of habeas corpus in the present case.  In his petition, petitioner states he was found to have violated the terms of his postrelease control and was sentenced to an additional period of incarceration in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution.

Discussion and Conclusions of Law:

**{¶10}**  R.C. Chapter 2725 provides a basic, summary procedure for a habeas corpus action. *Pegan v. Crawmer*, 73 Ohio St.3d 607, 609 (1995).  To be entitled to a writ of habeas corpus, an individual must show that they are subject to an unlawful deprivation of their liberty and that they are entitled to immediate release from imprisonment or confinement.  R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10.  Under R.C. 2725.04, an application for writ of habeas corpus must be made by a petition meeting certain specified statutory requirements.  *See Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001).

**{¶11}**  Upon receipt of a petition, a court must make an initial determination as to whether the petition states a facially valid claim.  If the court determines the petition states a facially valid claim, it must allow the writ. *Pegan* at 609.  Upon allowance of the writ, "the clerk issues it, and service may be by a sheriff or other person deputed by the court." *Id.*, citing R.C. 2725.07 and 2725.11.  However, "[a]n evidentiary hearing, discovery, and the physical presence of the petitioner are not always required in habeas corpus proceedings after allowance of the writ." *Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 382 (1996).  Where a petition fails to state a claim for which habeas can be granted, a court should not allow the writ and should dismiss the petition.  *Pegan* at 609.

**{¶12}**  R.C. 2725.03 governs the territorial jurisdiction of Ohio courts in habeas corpus actions, providing in pertinent part:

> If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in the custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge.

**{¶13}** This court has construed R.C. 2725.03 to hold that "only 'the courts or judges of the county' where a petitioner's institution of incarceration is located has jurisdiction over a petition for a writ of habeas corpus." *State ex rel. Hardy v. Williams*, 10th Dist. No. 21AP-441, 2022-Ohio-1254, ¶ 4. *See Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, ¶ 17; *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, ¶ 11.

**{¶14}** Here, petitioner, an inmate at a state correctional institution located in Mahoning County, filed his petition in this court, which is located in Franklin County. Because the petition was not filed in the county where the petitioner's institution of incarceration is located, the magistrate finds this court lacks jurisdiction over petitioner's petition. Accordingly, it is the decision and recommendation of the magistrate that the petition for writ of habeas corpus be dismissed and, as a result, all pending motions are rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).