[Cite as *State ex rel. Rohrig v. Columbus*, 2023-Ohio-1983.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kyle Rohrig, | : | |
| Petitioner, | : | No. 22AP-241 |
| v. | : | (REGULAR CALENDAR) |
| City of Columbus, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on June 15, 2023

**On brief:** *Kyle Rohrig*, pro se.

**On brief:** *Zach M. Klein*, City Attorney, and *Heather L. Keck*, for respondent.

IN HABEAS CORPUS
ON SUA SPONTE DISMISSAL

MENTEL, J.

{¶ 1} Petitioner, Kyle Rohrig, filed this original action requesting that this court issue a writ of habeas corpus. Petitioner has named City of Columbus as the respondent in this case.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. On May 25, 2022, the magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court sua sponte dismiss petitioner's complaint for a writ of habeas corpus. The magistrate found petitioner failed to file commitment papers with his petition, as required under R.C. 2725.04(D), and failed to name a proper respondent, as required under R.C. 2725.04(B). On May 31, 2022, petitioner filed a "motion in support of writ of habeas corpus," which we have construed as objections to the magistrate's decision.

Petitioner also filed a "motion in addition" in light of new evidence and "motion in addition" on August 3, 2022 and August 26, 2022, respectively.

**{¶ 3}** Upon review, petitioner's May 31, 2022 filing failed to resolve the mandatory compliance issues identified by the magistrate. Accordingly, we agree with the magistrate's conclusion that petitioner's failure to include commitment papers, as required under R.C. 2725.04(D) and failure to name a proper respondent, as required under R.C. 2725.04(B), are fatal to his claim and constitute grounds for dismissal. Regarding, petitioner's August 3 and 26, 2022 motions, we sua sponte dismiss these supplemental filings as untimely. Arguendo, even if we were to consider the motions as part of petitioner's objections, the result remains the same as petitioner failed to provide commitment papers as well as name a proper respondent in the case.

**{¶ 4}** Accordingly, to the extent that petitioner's May 31, 2022 filing opposed the magistrate's decision, we overrule petitioner's objections to the magistrate's decision and sua sponte dismiss petitioner's complaint for a writ of habeas corpus.

*Case dismissed.*

BEATTY BLUNT, P.J., and DORRIAN, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Kyle Rohrig,                          :

      Petitioner,                                      :

v.                                                             :                        No.  22AP-241

City of Columbus,                                   :                     (REGULAR CALENDAR)

      Respondent.                                    :

M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 25, 2022

*Kyle Rohrig*, pro se.

*Zach M. Klein*, City Attorney, and *Heather L. Keck*, for respondent.

IN HABEAS CORPUS
ON SUA SPONTE DISMISSAL

{¶ 5}  Petitioner, Kyle Rohrig, has filed this original action requesting that this court issue a writ of habeas corpus, naming City of Columbus as respondent.

Findings of Fact:

{¶ 6}  1. In his petition, petitioner alleges he is an inmate incarcerated at the Franklin County Correction Center II in Columbus, Ohio.

{¶ 7}  2. Respondent is a municipality.

{¶ 8}    3. On April 19, 2022, petitioner filed the present petition for a writ of habeas corpus. In his petition, petitioner alleges that he is being held in custody in violation of his due process and civil rights. He makes references concerning prosecutorial misconduct, illegal search and seizure, cruel and unusual punishment, right to a fair trial and impartial judge, and right to a complete defense.

Conclusions of Law:

{¶ 9}    The magistrate recommends that this court sua sponte dismiss this action.

{¶ 10}    A writ of habeas corpus is an extraordinary remedy that is appropriate only when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188 (1995). In order to be entitled to a writ of habeas corpus, petitioner must show that he is being unlawfully restrained of his liberty under R.C. 2725.01 and that he is entitled to immediate release from his imprisonment. *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10. A writ of habeas corpus is available only when there is no adequate remedy in the ordinary course of the law. *Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480, ¶ 13.

{¶ 11}    R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas action. Application is by petition that contains certain information. *Pegan v. Crawmer*, 73 Ohio St.3d 607, 608-09 (1995), citing R.C. 2725.04. If the court decides that the petition states a facially valid claim, it must allow the writ. *Id.*, citing R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition. *Id.* If the court allows the writ, the clerk issues it, and service may be by a sheriff or other person deputized by the court. *Id.*, citing R.C. 2725.07 and 2725.11. Issuing the writ means only that a return is ordered and a hearing will be held. *Id.*, citing *Hammond v. Dallman*, 63 Ohio St.3d 666, 668 (1992), fn. 7.

{¶ 12}    In the present case, after a review of petitioner's petition, the magistrate finds it fails to comply with several requirements, necessitating dismissal. A petitioner filing a writ of habeas corpus must file commitment papers with his petition, as required by R.C. 2725.04(D). These papers must be included with the petition and noncompliance is fatal to a habeas claim. *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82. It is well established

that a petitioner must strictly comply with the requirements for filing a petition for habeas corpus and the failure to do so is grounds for dismissal. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271. Compliance is mandatory and cannot be cured after filing. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 2; *Boyd v. Money*, 82 Ohio St.3d 388 (1998).

{¶ 13} The Supreme Court of Ohio has acknowledged the necessity and importance of these papers:

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992).

{¶ 14} In the present case, petitioner has not included any commitment papers. Without them, it is not possible to conduct a preliminary evaluation of the nature of his claim. Therefore, petitioner's original action for a writ of habeas corpus must be dismissed on this basis.

{¶ 15} Furthermore, petitioner fails to name a proper respondent. Pursuant to R.C. 2725.04(B), a petition for a writ of habeas corpus must specify "the person by whom the prisoner is so confined or restrained." The proper party in a petition for habeas corpus is the jailer or warden who presently has legal custody of the individual. *State ex rel. Davis v. Wilson*, 11th Dist. No. 2003-T-0049, 2003-Ohio-2840; *Lucero v. State*, 11th Dist. No. 97-A-0085 (Mar. 13, 1998), citing *In re Striker*, 101 Ohio App. 455 (5th Dist.1956), paragraph one of the syllabus (petition for a writ of habeas corpus must be directed to somebody allegedly responsible for the illegal detention and custody of the petitioner; in most cases, the proper respondent in a habeas corpus action would be the jailer or warden of the penitentiary); *State v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. No. 108974, 2019-Ohio-3782, ¶ 4 (pursuant to R.C. 2725.04(B), the writ will lie against only the individual who is directly responsible for keeping the petitioner in custody). Failure to name a proper respondent is a sufficient basis for dismissal of a habeas petition. *See State*

*ex rel. Sherrills v. State*, 91 Ohio St.3d 133 (2001); *Nash v. Mason*, 8th Dist. No. 84250, 2004-Ohio-1686, ¶ 6 (failure to name the officer or person who is charged with custody is sufficient grounds to dismiss the petition). Here, petitioner names City of Columbus as respondent, but City of Columbus is not the, individual, jailer, or warden who had legal custody of petitioner and was directly responsible for keeping him in custody. Therefore, petitioner's petition must also be dismissed on this basis.

**{¶ 16}** A court may sua sponte dismiss a petition for writ of habeas corpus when it does not contain " 'a facially valid claim.' " *State v. Troupe*, 8th Dist. No. 109471, 2020-Ohio-931, quoting *Al'Shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, ¶ 7. The failure to comply with the barest procedural requirements of R.C. 2725.04, means a petitioner has not presented a facially valid claim. *Id.*, citing *In re Evans*, 8th Dist. No. 108316, 2019-Ohio-1129, ¶ 10. Here, petitioner has failed to comply with the requirements of R.C. 2725.04(B) and (D).

**{¶ 17}** Accordingly, it is the magistrate's decision that this court should sua sponte dismiss petitioner's complaint for writ of habeas corpus.


/S/ MAGISTRATE
THOMAS W. SCHOLL III



**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).