[Cite as *Peters v. Lawson*, 2026-Ohio-891.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David L. Peters, | : | |
| Petitioner, | : | |
| | : | No. 25AP-576 |
| v. | : | (REGULAR CALENDAR) |
| Andrea Lawson, et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on March 17, 2026

**On brief:** *David L. Peters*, pro se.

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Benjamin A. Tracy,* for respondents.

IN HABEAS CORPUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LELAND, J.

{¶ 1} Pro se petitioner, David L. Peters, brought this original action requesting this court issue a writ of habeas corpus ordering respondents, Andrea Lawson, P.D., and Judge Andria Noble, to release him from custody. On August 12, 2025, the State of Ohio filed a motion to dismiss the petition. On August 19, 2025, non-party Teresa Peters ("Peters"), the sister of petitioner, filed a request to amend the petition for writ of habeas corpus on petitioner's behalf. On August 21, 2025, the state renewed its motion to dismiss and moved to strike Peters's motion to amend the petition. In August and September 2025, Peters filed a number of motions on petitioner's behalf. On September 4, 2025, the state again renewed its motion to dismiss the petition and filed a second motion to strike all filings by Peters.

{¶ 2} This matter was referred to a magistrate pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. On November 5, 2025, the magistrate

issued the appended decision, including findings of fact and conclusions of law. The magistrate's decision grants the motions to strike Peters's filings and recommends we grant the motion to dismiss, find moot all remaining motions, and deny the petition. Peters filed three objections to the magistrate's decision. Before we can rule on these objections, however, we must determine whether she is eligible to file objections on petitioner's behalf.

{¶ 3} Generally, "[a] party who is not represented by an attorney" must sign any "pleading, motion, or other document" filed with a court, including the filing of objections to a magistrate's decision. Civ.R. 11; *see* Civ.R. 53(D)(3)(b)(i) (specifying that a "party" may file objections to a magistrate's decision). If a pro se party files a document without the party's signature, "it may be stricken as sham and false and the action may proceed as though the document had not been served." Civ.R. 11. A limited exception to this rule, however, involves the writ of habeas corpus. In Ohio courts, "[a]pplication for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him." R.C. 2725.04. Analogously, the writ of habeas corpus in federal courts requires verification by either the petitioner or "someone acting in his behalf." 28 U.S.C. 2242. The Supreme Court of the United States, in interpreting 28 U.S.C. 2242, has noted that a prerequisite to next friend standing is the " 'next friend' must provide an adequate explanation -- such as inaccessibility, mental incompetence, or other disability -- why the real party in interest cannot appear on his own behalf to prosecute the action." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

{¶ 4} Petitioner proceeded pro se in the present matter, and so he is typically required by Civ.R. 11 to sign any document filed with this court. Petitioner signed nothing but the initial petition for a writ of habeas corpus. For each document filed thereafter, including the objections to the magistrate's decision, Peters purported to act as petitioner's representative and signed her own name. Peters, however, is neither a party to this case nor an attorney authorized to practice law. And though she claims petitioner is unable to produce a physical signature due to jail restrictions, the fact that petitioner was able to properly notarize and file his initial petition shows he can access the courts despite his confinement. Because Peters did not show petitioner lacked access to the courts or was otherwise mentally incompetent or disabled, "the requisite showing of the need for a next friend is absent." *Cuyahoga Cty. Bar Assn. v. Spurlock*, 2002-Ohio-2580, ¶ 17. As a result,

we adhere to Civ.R. 11 by striking the objections Peters attempted to raise to the magistrate's decision.

{¶ 5} We therefore proceed as if no objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Finding no error or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including its findings of fact and conclusions of law. In accordance with the magistrate's decision, we dismiss petitioner's petition for writ of habeas corpus, grant respondents' motions to dismiss and strike, and deny as moot the remaining motions.

*Objections stricken*;
*motions to dismiss and strike granted*;
*all remaining motions denied as moot*;
*action dismissed.*

JAMISON and DINGUS, JJ., concur.

————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David L. Peters, | : | |
| Petitioner, | : | |
| v. | : | No. 25AP-576 |
| Andrea Lawson, et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 5, 2025

---

*David L. Peters*, pro se.

*Shayla D. Favor*, Prosecuting Attorney, and *Benjamin A. Tracy,* for respondents.

---

IN HABEAS CORPUS
ON MOTIONS

{¶ 6}   Petitioner, David L. Peters, has filed this original action requesting that this court issue a writ of habeas corpus, naming Andrea Lawson, P.D., and Judge Noble as respondents.

Findings of Fact:

{¶ 7}   1. Petitioner is incarcerated at Franklin County Correctional Center in Columbus, Ohio.

{¶ 8} 2. Respondent Andrea Lawson, P.D., is an attorney for the Franklin County Public Defender.

{¶ 9} 3. Respondent Judge Noble is Andriea C. Noble, a judge in the Franklin County Court of Common Peas.

{¶ 10} 4. On July 10, 2025, petitioner filed his petition for writ of habeas corpus. The petition alleges the following: (1) he has been in custody since February 22, 2025, pursuant to charges filed in Franklin County C.P. case No. 25CR-001122; (2) he has not been brought to trial within the mandatory 90-day period prescribed in R.C. 2945.71(C)(2), and there has been no lawful waiver of such rights; (3) on May 8, 2025, Judge Noble issued a continuance over objections, in which it was falsely claimed the delay was based upon his refusal to waive rights, when the delay was actually caused by the state's failure to timely provide discovery; (4) his name was fraudulently signed on the continuance paperwork without his consent; (5) he has appeared for every scheduled court date since his detention but never allowed to appear before the judge, including on his June 26, 2025, trial date, when Judge Noble left due to hoarseness; (6) the state produced discovery on June 10, 2025, well after the statutory deadline; and (7) these delays are unlawful and his detention is no longer supported by valid legal process. Petitioner prays for a writ of habeas corpus, requesting that this court order that he be immediately released from confinement or, alternatively, that the court order an evidentiary hearing and require the state to show cause for continued detention. The petition contains a "verification" and petitioner's unnotarized signature.

{¶ 11} 5. On August 12, 2025, Lawson and Judge Noble filed motions to dismiss the petition on the bases that petitioner does not claim that his sentence has expired or that he is otherwise being held illegally, and he has an adequate remedy at law for his speedy-trial claim via motion in the trial court; petitioner has failed to comply with R.C. 2725.04(D) by failing to include a copy of the commitment or cause of detention pursuant to R.C. 2725.04(D); and petitioner has failed to name a proper respondent pursuant to R.C. 2725.04(B). Petitioner filed replies to both.

{¶ 12} 6. On August 15 and 19, 2025, petitioner filed substantially similar amended petitions for writ of habeas corpus and motions to substitute proper respondent and accept

filing instanter. Petitioner sought to substitute the Franklin County Sheriff as respondent and remove Judge Noble and Lawson.

{¶ 13} The August 15, 2025, amended petition included a verification and unnotarized signature of Teresa Peters ("Peters") as "authorized representative" for petitioner; petitioner's not guilty plea; numerous continuance entries; a May 19, 2025, affidavit in support of motion to dismiss filed by petitioner in the trial court; and several emails between Peters and Lawson.

{¶ 14} The August 19, 2025, amended petition included a verification and notarized signature of Peters, who is petitioner's sister; numerous continuance entries; and a May 19, 2025, affidavit in support of motion to dismiss filed by petitioner in the trial court.

{¶ 15} 7. On August 21, 2025, Judge Noble filed a motion to strike and supplemental motion to dismiss the petition, asserting the following bases: Peters may not bring an amended petition for writ of habeas corpus on petitioner's behalf as an "authorized representative"; even if Peters could bring the petition on petitioner's behalf, petitioner does not claim that his sentence has expired or he is otherwise being held illegally; and the remedy for a speedy trial issue is to file a motion in the trial court, and that is an adequate remedy at law.

{¶ 16} 8. On August 28, 2025, petitioner (by Peters as next-of-friend and attorney-in-fact) filed a motion to exceed page limit in petitioner's memorandum contra.

{¶ 17} 9. On August 28, 2025, petitioner (by Peters) filed a motion to cure signature. In the motion, Peters asserted she is authorized to submit the habeas corpus petition via her power of attorney executed on March 19, 2025, and the language in R.C. 2725.04(D), which authorizes a habeas corpus petition to be signed and verified "by some person for him." In the attached exhibits is a verification and ratification of amended habeas corpus petition that includes a notarized signature of petitioner, in which he indicates that he adopts the amended petition as his own and verifies it as true; an executed power of attorney designating Peters as his agent; and an April 16, 2025, entry in the trial court disallowing two motions filed by Peters on behalf of petitioner and ordering her to refrain from filing further pleadings on his behalf.

{¶ 18} 10. On August 28, 2025, petitioner (by Peters) filed a memorandum contra respondents' motions to strike and supplemental motions to dismiss.

{¶ 19} 11. On August 28, 2025, petitioner (by Peters) filed a motion for judicial notice.

{¶ 20} 12. On September 4, 2025, respondents filed a second motion to strike and renewed motion to dismiss original action, asserting the following arguments: Peters's attempt to amend and litigate petitioner's habeas corpus actions under a power of attorney is impermissible; and even if Peters's filings were accepted by the court, Peters has never claimed that petitioner's sentence has expired or that he is otherwise being held illegally.

{¶ 21} 13. On September 5, 2025, petitioner (by Peters) filed a motion to accept filings filed by Peters. She submitted an affidavit claiming the following: when she went to the jail that same day to have petitioner sign legal papers and have them notarized, jail staff denied the request and refused to allow him to sign or notarize the documents; jail staff has delayed or prevented her from giving petitioner legal paperwork for this case in the past; and due to the jail staff's refusals, petitioner has been unable to timely sign and notarize his filings, forcing her to file the amended petitions and pleadings.

{¶ 22} 14. On September 16, 2025, petitioner (by Peters) filed a motion to declare September 8, 2025, continuance in the trial court invalid and dismiss case No. 25CR-001122. Peters submitted a notarized affidavit claiming jail staff had continued to prohibit her from providing legal paperwork for petitioner to sign and told her that such must be sent via mail; on September 11, 2025, she mailed certified packets of filings to petitioner, but the tracking indicated that there was no authorized recipient to accept the delivery; and these actions have prevented petitioner from signing and notarizing his own legal filings and have obstructed his right of access to the courts.

{¶ 23} 15. On September 17, 2025, petitioner (by Peters) filed a motion to expedite the case.

{¶ 24} 16. On September 17, 2025, petitioner (by Peters) filed a motion regarding jail interference with legal filings, which generally reiterated the allegations in the September 16, 2025, motion.

Conclusions of Law:

{¶ 25} The magistrate recommends that this court grant respondents' motions to dismiss the petition for writ of habeas corpus.

{¶ 26} A writ of habeas corpus is an extraordinary remedy. *State ex rel. Jackson v. McFaul*, 1995-Ohio-228. In order to be entitled to a writ of habeas corpus, a petitioner must show that he or she is being unlawfully restrained of liberty under R.C. 2725.01. *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. A writ of habeas corpus is available only when there is no adequate remedy in the ordinary course of the law. *Steele v. Harris*, 2020-Ohio-5480,¶ 13.

{¶ 27} R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas action. Application is by petition that contains certain information. *Pegan v. Crawmer*, 1995-Ohio-175, ¶ 3-4, citing R.C. 2725.04. If the court decides that the petition states a facially valid claim, it must allow the writ. *Id.*, citing R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition. *Id*. If the court allows the writ, the clerk issues it, and service may be by a sheriff or other person deputized by the court. *Id.*, citing R.C. 2725.07 and 2725.11. Issuing the writ means only that a return is ordered and a hearing will be held. *Id.*, citing *Hammond v. Dallman*, 63 Ohio St.3d 666, 668, fn. 7 (1992).

{¶ 28} A court may sua sponte dismiss a petition for writ of habeas corpus when it does not contain " 'a facially valid claim.' " *State v. Troupe*, 2020-Ohio-931, ¶ 12 (8th Dist.), quoting *Al'Shahid v. Cook*, 2015-Ohio-2079, ¶ 7. The failure to comply with the barest procedural requirements of R.C. 2725.04, means a petitioner has not presented a facially valid claim. *Id.*, citing *In re Evans*, 2019-Ohio-1129,¶ 10 (8th Dist.).

{¶ 29} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet); and Giannelli, 1 *Baldwin's Ohio Practice Evidence*, Section 201.6 (3d Ed.2015) (noting that the rule

generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 30} R.C. 2725.04 provides, in pertinent part:

Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:

(A) That the person in whose behalf the application is made is imprisoned, or restrained of his liberty;

(B) The officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended.

. . .

(D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

{¶ 31} In the present case, in their August 12, 2025, motions to dismiss, respondents assert the following bases for dismissal of petitioner's petition for writ of habeas corpus: (1) petitioner does not claim that his sentence has expired or that he is otherwise being held illegally, and he has an adequate remedy at law for his speedy-trial claim via motion in the trial court; (2) petitioner has failed to comply with R.C. 2725.04(D) by failing to include a copy of the commitment or cause of detention pursuant to R.C. 2725.04(D); and (3) petitioner has failed to name a proper respondent pursuant to R.C. 2725.04(B). In their August 21, 2025, supplemental motion to dismiss the petition, respondents assert the following bases for dismissal of petitioner's petition for writ of habeas corpus: (1) Peters may not bring a petition for writ of habeas corpus on petitioner's behalf as an authorized representative; (2) even if Peters could bring the petition on petitioner's behalf, petitioner does claim that his sentence has expired or he is otherwise being held illegally; and (3) the remedy for a speedy trial issue is to file a motion in the trial court, and that is an adequate remedy at law. In their September 4, 2025, second motion to strike and renewed motion to

dismiss original action, respondents assert the following arguments: (1) Peters's attempt to amend and litigate petitioner's habeas corpus actions under a power of attorney is impermissible; and (2) even if Peters's filings were accepted by the court, Peters has never claimed that petitioner's sentence has expired or that he is otherwise being held illegally.

{¶ 32} The first issue that must be addressed is whether it was permissible for Peters to file all of the pleadings in this case on petitioner's behalf subsequent to petitioner's own filing of the original petition. Peters claims she is permitted to file pleadings on petitioner's behalf as "next-of-friend," "power of attorney," and "authorized representative," pursuant to the language in R.C. 2725.04 that allows an application for writ of habeas corpus to be "signed and verified either by the party for whose relief it is intended, *or by some person for him*[.]" (Emphasis added.) R.C. 2725.04.

{¶ 33} The Supreme Court of Ohio has interpreted the "some person" provision of this statute and found that, although an individual is not required to be a licensed attorney in order to file a habeas corpus petition on behalf of an inmate, *Cuyahoga Cty. Bar Assn. v. Spurlock*, 2002-Ohio-2580, before the "some person" provision can be applied, it must be established that: (1) there exists an adequate reason, such as inaccessibility to the court system, mental incompetence, or other disability, why the inmate cannot file the case himself; and (2) there exists between the inmate and his "friend" a significant relationship which will cause the "friend" to adequately protect the inmate's interests. *Id.*

{¶ 34} In the present case, even assuming Peters meets the second qualification that she and petitioner have a significant relationship due to their relationship as brother and sister, neither Peters nor petitioner has asserted that petitioner is mentally incompetent or is otherwise disabled. Instead, Peters asserts she is authorized to submit the habeas corpus petition based upon the following: (1) her power-of-attorney, next-of-friend, or authorized-representative status; (2) petitioner's notarized signature verifying and ratifying the amended habeas corpus petition; and (3) Peters's affidavits that the jail staff is delaying, interfering, and/or preventing petitioner from signing and notarizing the legal papers she is authoring on his behalf, thereby obstructing his right of access to the courts. None of these circumstances provide an adequate reason why petitioner cannot file pleadings on his own behalf. Although Peters claims petitioner is unable to sign the legal papers she has prepared for petitioner, neither party alleges that petitioner cannot directly access the court

system himself. Petitioner was able to file the original petition, and neither Peters nor petitioner explain why he could not continue to prepare and mail his own pleadings. That Peters is allegedly experiencing problems with getting legal documents to petitioner inside the jail so he can sign them does not speak to petitioner's personal access to the court and does not fit any of the descriptions provided by the Supreme Court in *Spurlock* that would permit "some person" to file a habeas corpus petition on behalf of an inmate. For these reasons, the magistrate finds that none of the pleadings filed by Peters after petitioner's own filing of his original petition are permissible, and they must be stricken from the record.

{¶ 35} As a result of this finding, none of Peters's amended petitions may be considered in addressing respondents' motions to dismiss the petition. Although respondents have raised several grounds for dismissal, respondents' argument that petitioner has not named a proper respondent is dispositive. In his original petition, petitioner named as respondents Judge Noble and Lawson, an attorney at the public defender's office.

{¶ 36} As quoted above, pursuant to R.C. 2725.04(B), a petition for a writ of habeas corpus must specify "[t]he officer, or name of the person by whom the prisoner is so confined or restrained; or, if both are unknown or uncertain, such officer or person may be described by an assumed appellation and the person who is served with the writ is deemed the person intended." *See In re Striker*, 101 Ohio App. 455 (5th Dist. 1956), paragraph one of the syllabus (petition for a writ of habeas corpus must be directed to somebody allegedly responsible for the illegal detention and custody of the petitioner); *State v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-3782, ¶ 4 (8th Dist.) (pursuant to R.C. 2725.04(B), the writ will lie against only the individual who is directly responsible for keeping the petitioner in custody). Failure to name a proper respondent is a sufficient basis for dismissal of a habeas petition. *See State ex rel. Sherrills v. State*, 91 Ohio St.3d 133 (2001); *Nash v. Mason*, 2004-Ohio-1686, ¶ 6 (8th Dist.) (failure to name the officer or person who is charged with custody is sufficient grounds to dismiss the petition). Here, petitioner names Judge Noble and Lawson as respondents in the original petition, but neither Judge Noble nor Lawson is an individual who is directly responsible for keeping him in custody.

Therefore, petitioner's petition is defective as a matter of law and must be dismissed on this basis.

{¶ 37} Although the above ground is dispositive of the matter, the magistrate also notes that the petition is not verified as required by R.C. 2725.04. Petitioner signed a verification at the end of the petition but it was not notarized. The failure to properly verify a petition requires dismissal. *See Robinson v. McConahay*, 2023-Ohio-498, *dismissed*, 2023-Ohio-1028 (petition for habeas corpus was fatally defective where the petition did not contain a declaration swearing to the truth of the statements contained therein or proof that it was verified in the presence of a notary public; thus, it failed to satisfy the verification requirements of R.C. 2725.04); *Watkins v. Collins*, 2006-Ohio-5082, ¶ 35 (for purposes of R.C. 2725.04, "verification" means a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document). Thus, the petition may be dismissed on this ground, as well.

{¶ 38} Accordingly, it is the magistrate's decision that this court should dismiss petitioner's petition for writ of habeas corpus. Respondents' motions to dismiss and strike are granted, and the remaining motions are denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.